**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 17-4705**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JAIME ROMAN BUSTAMANTE,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, District Judge.  (8:16-cr-00521-TMC-2)

———————

Submitted:  September 13, 2018              Decided:  September 17, 2018

———————

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed and remanded by unpublished per curiam opinion.

———————

William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant.  Andrew Burke Moorman, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaime Roman Bustamante appeals the 120-month sentence imposed by the district court after he pleaded guilty, without a written plea agreement, to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal. Counsel questions, however, whether Bustamante qualified for the safety valve reduction in 18 U.S.C. § 3553(f) (2012). Bustamante was informed of his right to file a pro se supplemental brief but has not done so. We affirm and remand to correct a clerical error in the judgment.[*]

To be eligible for relief under the safety valve provision, a defendant must show the following five elements:

> (1) [he] does not have more than one criminal history point; (2) [he] did not use violence or possess a firearm in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) [he] was not an organizer, leader, manager, or supervisor of others in the offense; and (5) no later than the time of sentencing, [he] truthfully provided the government with all evidence and information [he] had concerning the offense or offenses comprising the same course of conduct or a common scheme or plan.

*United States v. Henry*, 673 F.3d 285, 292-93 (4th Cir. 2012). The burden lies with the defendant to show that he has met each element. *United States v. Bolton*, 858 F.3d 905,

---

[*] Bustamante pleaded guilty to conspiracy, yet the judgment failed to mention § 846, the applicable conspiracy statute. We therefore remand the case so that the district court may amend the judgment to reflect that Bustamante pleaded guilty to violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. *See* Fed. R. Crim. P. 36.

2

913 (4th Cir. 2017). We have reviewed the record and conclude that the district did not clearly err in finding that Bustamante failed to establish the fifth element of the test and, therefore, that he was ineligible for the safety valve reduction. *See Henry*, 673 F.3d at 292 (stating standard of review and recognizing deference owed to district court's credibility finding).

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no meritorious grounds for appeal. We therefore affirm the district court's judgment and remand to correct a clerical error. This court requires that counsel inform Bustamante, in writing, of the right to petition the Supreme Court of the United States for further review. If Bustamante requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bustamante.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*